IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JACQUELINE THOMAS,**                      Case Number 1:13cv2166

    Plaintiff,                                  Judge Benita Pearson

    v.                                          Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                          REPORT AND RECOMMENDATION

### INTRODUCTION

Plaintiff Jacqueline Thomas seeks judicial review of Defendant Commissioner of Social Security's decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). The district court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c)(3). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). (Non-document entry dated October 1, 2013). For the reasons stated below, the undersigned recommends the Commissioner's decision be affirmed.

### PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on June 8, 2011, alleging disability due to Meniere's disease, vertigo, headaches, temporomandibular joint syndrome ("TMJ"), carpal tunnel syndrome, back pain, and gastroesophageal reflux disease ("GERD") since February 20, 2011. (Tr. 99, 258, 262, 301). Her claims were denied initially and on reconsideration. (Tr. 215, 219, 226, 230). At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ"). (Tr. 93, 161). Plaintiff, represented by counsel, and a vocational expert ("VE") testified at the hearing, after which the ALJ found Plaintiff was not disabled. (Tr. 96, 112). The Appeals

Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1); 20 C.F.R. §§ 404.955, 404.981, 416.1455, 416.1481. On October 1, 2013, Plaintiff filed the instant case. (Doc. 1).

## FACTUAL BACKGROUND

Plaintiff challenges only the ALJ's conclusions regarding her ability to handle and finger bilaterally due to carpal tunnel syndrome (Doc. 14) and therefore waives any other claims. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (noting failure to raise a claim in merits brief constitutes waiver). Accordingly, the undersigned addresses only the record evidence pertaining to Plaintiff's carpal tunnel syndrome.

*Plaintiff's Vocational and Personal Background*

Plaintiff was 49 years old at the time of her alleged disability onset date. (Tr. 104). She has a high school education and prior relevant work experience as a fry cook, prep cook, kitchen helper, table busser, fast food worker, punch press operator, and hand packager. (Tr. 104).

Plaintiff lived by herself in a second floor apartment. (Tr. 124, 129). With respect to daily activities, Plaintiff maintained personal hygiene, cooked, grocery shopped, did laundry, vacuumed, watched television, occasionally visited with friends and relatives, and volunteered as a church nurse for three hours per month. (Tr. 129-32). Plaintiff had a valid driver's license but no car. (Tr. 116). She said at times, her family helped her shop, cook, and do laundry. (Tr. 129-30).

Plaintiff underwent left carpal tunnel release surgery in 2011, which she said did not help her symptoms, and has had injections in both hands. (Tr. 121-22). She claimed to still suffer from lingering pain, tenderness, and cramping. (Tr. 121). Plaintiff was able to pick up a coffee cup or a gallon of milk and carry it a short distance but would sometimes drop things like

medicine bottles and had recently been having more difficulty with zippers and buttons. (Tr. 125, 134).

*Relevant Medical Evidence*

On April 30, 2010, Plaintiff complained to Darshan Mahajan, M.D., of numbness in her left hand which had lasted for one week. (Tr. 370). On the same day, Dr. Mahajan wrote a letter stating he was treating Plaintiff for dizziness with vestibular dysfunction, muscle contraction, headaches, Meniere's disease, TMG syndrome, vitamin D deficiency, carpal tunnel syndrome, and lower back pain. (Tr. 368). Dr. Mahajan ordered an EMG, which Plaintiff underwent on May 14, 2010. (Tr. 370, 387).

The EMG revealed moderate changes in the bilateral median nerve compression neuropathy at the wrist consistent with moderate bilateral carpal tunnel syndrome. (Tr. 387). Due to Plaintiff's continued symptoms, Dr. Mahajan recommended decompression of the median nerves. (Tr. 387). Accordingly, on June 9, 2010, Plaintiff underwent left wrist decompression surgery and received a right wrist injection. (Tr. 405-10).

On August 31, 2011, Plaintiff told Dr. Mahajan she was beginning to get symptoms of carpal tunnel on her right side but the left side was better. (Tr. 481-83). Dr. Mahajan emphasized the importance of stretching. (Tr. 483).

On December 7, 2011, Dr. Mahajan diagnosed carpal tunnel syndrome even though Plaintiff did not complain of related symptoms. (Tr. 555-58).

*State Agency Review and Examination*

On September 6, 2011, consultative examiner Edward Butler, M.D., examined Plaintiff and noted her diagnosis of bilateral carpal tunnel syndrome. (Tr. 440-41). He described her pain as intermittent, sharp, and at an eight out of ten bilaterally. (Tr. 441). Dr. Butler indicated

3

Plaintiff cooked daily, cleaned daily, did laundry biweekly, shopped bimonthly, showered and dressed herself daily, watched television, listed to the radio, read, socialized with friends, and went to church. (Tr. 442). Following a grossly normal physical examination, Dr. Butler concluded Plaintiff had mild limitations in fine hand coordination due to uncorrected visual acuity and mild limitations in abilities to push, pull, and lift. (Tr. 444-50).

State agency medical consultant Gerald Klyop, M.D., reviewed Plaintiff's medical records and determined she had the residual functional capacity ("RFC") to lift or carry up to 50 pounds occasionally and 25 pounds frequently; stand, walk, and/or sit for up to six hours in an eight-hour workday; push or pull without limitation; never climb ladders, ropes, or scaffolds; frequently stoop, kneel, crouch, and crawl; and frequently handle and finger. (Tr. 174-84).

State agency medical consultant William Bolz, M.D., reached similar conclusions on December 3, 2011, finding Plaintiff was limited in ability to handle and finger bilaterally. (Tr. 195-97, 208-11).

*ALJ Decision*

On June 25, 2012, the ALJ determined Plaintiff suffered from severe impairments of bilateral carpal tunnel syndrome, status post carpal tunnel release on the left; vestibular dysfunction diagnosed as Meniere's disease; history of headaches; and mild degenerative changes of the lumbosacral spine and left knee. (Tr. 101). The ALJ found these impairments did not meet or medically equal a listed impairment. (Tr. 102). Next, the ALJ determined Plaintiff had the RFC to perform a range of light work with no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; frequent bilateral handling and fingering; and no exposure to hazards. (Tr. 102). Based on Plaintiff's age, education, work experience, RFC, and VE testimony, the ALJ

4

determined Plaintiff could perform work as a merchandise marker, cashier, and housekeeping cleaner. (Tr. 105). Therefore, she was not disabled. (Tr. 106).

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## STANDARD FOR DISABILITY

Eligibility for DIB and SSI is predicated on the existence of a disability. 42 U.S.C. § 423(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five–step evaluation process – found at 20 C.F.R. § 404.1520 – to determine if a claimant is disabled:

1. Was the claimant engaged in a substantial gainful activity?

2. Did the claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's RFC and can she perform past relevant work?

5. Can the claimant do any other work considering her RFC, age, education, and work experience?

Under this five–step sequential analysis, the claimant has the burden of proof in steps one through four. *Walters*, 127 F.3d at 529. The burden then shifts to the Commissioner at step five to establish whether the claimant has the RFC to perform available work in the national economy. *Id.* The court considers the claimant's RFC, age, education, and past work experience to determine if the claimant could perform other work. *Id.* A claimant is only found disabled if she satisfies each element of the analysis, including inability to do other work, and meets the durational requirements. 20 C.F.R. §§ 404.1520(b)–(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Plaintiff claims the ALJ erred by limiting her to frequent, rather than occasional, bilateral handling and fingering. (Doc. 14, at 12).

A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545; 416.945(a)(1). An ALJ must consider all symptoms and the extent to which those symptoms are consistent with the objective medical evidence. §§ 404.1529; 416.929. An ALJ must also consider and weigh medical opinions. §§ 404.1527; 416.927. When a claimant's statements about symptoms are not substantiated by objective medical evidence, the ALJ must make a finding regarding the credibility of the statements based

6

on a consideration of the entire record. Social Security Ruling (SSR) 96-7p, 1996 WL 374186, *1.

Upon review, the ALJ's decision is supported by substantial evidence. In his decision, the ALJ found there was a lack of objective evidence to support finding Plaintiff's carpal tunnel syndrome met or equaled a listing. (Tr. 102). Indeed, the record lacks evidence of debilitating carpal tunnel symptoms.

Nevertheless, the ALJ fully considered what little evidence there was related to carpal tunnel syndrome, including Plaintiff's complaints of pain and tingling, an EMG demonstrating bilateral carpal tunnel syndrome, left carpal tunnel release surgery, and right wrist injections. (Tr. 103, 121, 370, 387, 405-10). Contrary to her testimony, as the ALJ noted, Plaintiff told Dr. Mahajan the release surgery helped relieve symptoms in her left hand. (Tr. 103, 134, 481-83). Further, she was able to maintain personal hygiene, cook, shop, clean, and do laundry. (Tr. 129-32-442). At the hearing, Plaintiff averred she could carry a cup or a gallon of milk a short distance and had only some difficulty with medicine bottles, zippers, and buttons. (Tr. 125, 134).

Concerning opinion evidence, the ALJ afforded great weight to Dr. Butler's opinion, which attributed her mild limitation in fine hand coordination to uncorrected vision acuity – not carpal tunnel syndrome. (Tr. 104, 444). Moreover, Drs. Klyop and Bolz found Plaintiff had only a mild limitation in ability to handle and finger bilaterally. (Tr. 181, 184, 195-96, 208-09).

Together, this evidence supports finding Plaintiff was capable of at most frequent fingering and handling. 20 C.F.R. §§ 404.1545; 416.945(a)(1) (by definition, the RFC is the most a claimant can do). In addition, the Court must affirm the Commissioner's decision even if substantial evidence, or indeed a preponderance of the evidence, supports a contrary finding.

*Jones*, 336 F.3d at 477. For these reasons, the ALJ's finding that Plaintiff is capable of frequent bilateral handling and fingering is supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, the undersigned finds the Commissioner's decision denying DIB and SSI benefits applied the correct legal standards and is supported by substantial evidence. The undersigned therefore recommends the Commissioner's decision be affirmed.

    s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).